**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF MISSISSIPPI**

**WESTERN DIVISION**

**PRUCO LIFE INSURANCE**
**COMPANY**                                                                 **PLAINTIFF**

v.                             CIVIL ACTION NO. 5:19-cv-55-DCB-MTP

**LEIGH ANN KILLINGSWORTH, AMY**
**FREDETTE, and I.M.K., a minor**                                           **DEFENDANTS**

<u>ORDER</u>

    Before the Court are two motions: Plaintiff Pruco Life Insurance Company ("Pruco")'s Motion to Dismiss Counterclaims of Leigh Ann Killingsworth and for Relief in Interpleader (Doc. 26) and Defendant Leigh Ann Killingsworth ("Killingsworth")'s Motion for Leave to File First Amended Answer, Counterclaims, and Crossclaim to Plaintiff's Amended Complaint (Doc. 36). Having read the Motions, memoranda in support, applicable case and statutory law, and being otherwise fully advised in the premises, the Court finds that the Defendant's Motion for Leave to File First Amended Answer, Counterclaims, and Crossclaim to Plaintiff's Amended Complaint should be GRANTED. Plaintiff's Motion to Dismiss Counterclaims of Leigh Ann Killingsworth and for Relief in Interpleader – which is directed at Defendant Killingsworth's First Answer, Counterclaims, and Crossclaim to Plaintiff's Amended Complaint – will thus be found moot.

1

**Background**

This matter arises out of the death benefits of David Killingsworth ("Decedent" or "Insured"). Decedent bought two (2) life insurance policies, (1) term life insurance policy number L8 331 331 ("Policy A") and (2) term life insurance policy number L8 825 056 ("Policy B"), for a cumulative total of $750,000.00. After Decedent's death, a dispute between the beneficiaries over the life insurance policies arose.

When the Insured applied for the policies, he was married to Defendant Amy Fredette ("Fredette") and designated her as primary beneficiary of both policies. However, the Insured and Fredette divorced in 2015. Pursuant to a court-ordered Decree of Divorce and Property Settlement Agreement, the Insured listed Fredette as beneficiary of Policy B and Defendant I.M.K, their daughter, as beneficiary of Policy A. The Insured subsequently married Killingsworth and, by beneficiary change forms dated March 24, 2017, designated Killingsworth as the sole primary beneficiary of Policies A and B.

Pruco notified the Insured by letter dated October 3, 2018 that it had placed restrictions on both Policies because it had been notified of the Property Settlement Agreement. However, by letter dated October 19, 2018, Fredette notified Pruco that the Insured had been diagnosed with terminal cancer and that she and

2

the Insured had reached an agreement. The new agreement designated Killingsworth as the sole primary beneficiary of Policy B and designated Fredette and I.M.K. as co-beneficiaries of equal 50% shares to Policy A. The Insured also filed the appropriate forms with Pruco to designate Killingsworth as beneficiary of Policy B and Fredette and I.M.K as co-beneficiaries to 50% equal shares of Policy A.

Fredette notified Pruco by letter dated January 23, 2019 that she was withdrawing from the agreement described in her October 19, 2018 letter. She claimed that the October 19, 2018 letter was invalid and unenforceable because it was not court-approved. Fredette filed Life Insurance Claim forms for both Policy A and Policy B on January 4, 2019.

Because of the dispute, Pruco filed its complaint in interpleader on June 12, 2019, approximately five months after receiving Killingsworth's Life Insurance Claim Form dated January 14, 2019. Killingsworth filed her Answer to Complaint in Interpleader, Counterclaims, and Crossclaims on July 10, 2019. Pruco filed its First Amended Complaint in Interpleader on July 15, 2019. Killingsworth filed her Answer to Plaintiff's First Amended Complaint in Interpleader, Counterclaims, and Crossclaim on August 27, 2019. Plaintiff filed a Motion to Dismiss Killingsworth's Counterclaims on August 28, 2019. On September

18, 2019, Killingsworth filed the Motion to Amend at issue. On September 27, 2019, Magistrate Judge Parker entered a Case Management Order that set the deadline for Motions for Amended Pleadings on October 28, 2019.

**Standard of Review**

Rule 15 of the Federal Rules of Civil Procedure control amending pleadings. Rule 15(a)(1) states that a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave to amend when justice so requires.

"It is within the district court's discretion to deny a motion to amend if it is futile." Stripling v. Jordan Production Co., 234 F.3d 863, 872–873 (5th Cir. 2004). In the context of amended pleadings, futility means that "the amended complaint would fail to state a claim upon which relief could be granted." Id. at 873. To determine whether an amended pleading is futile, courts must apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.(internal citations omitted).

4

Therefore, we must ask whether in the light most favorable to the nonmoving party and with every doubt resolved in her behalf, if the complaint states any valid claim for relief. Id. The court "may not dismiss a complaint under [R]ule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.(internal citations omitted).

## Discussion

The Fifth Circuit examines five considerations when determining whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. See Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir.).

Pruco asserts that Killingsworth should not be allowed to amend her counterclaim because: (1) that the amendment would be futile because it fails to state a claim upon which relief can be granted, and (2) that Killingsworth had repeated opportunities to cure any factual deficiencies and failed to do so, and (3) allowing her to amend her counterclaims will only result in undue delay. The Court will address each argument in turn.

**<u>Futility</u>**

Rule 22 of the Federal Rules of Civil Procedure control interpleader actions. As the Rule states: "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." As the commentary explains, "Interpleader is an advanced joinder mechanism that allows a person in possession of a disputed stake to force the competing claimants to litigate their claims to the stake in a single forum." Interpleader exists for the benefit and protection of the stakeholder, relieving it of the cost of multiple suits and protecting against the risk of multiple liability. The nature of a counterclaim – whether the counterclaim is truly independent of the question 'who is entitled to the insurance proceeds' – controls a party's ability to raise a counterclaim.

Most courts do not allow a counterclaim to proceed that claims the stakeholder breached a duty by failing to pay the stake to a particular claimant. This supports the rationale of interpleader, which allows stakeholders to pay the stake into the court rather than decide which of the rival claimants should receive the money. However, a counterclaim may be proper if it asserts a theory of liability that exists independently of the

stakeholder's role as stakeholder. When a proper counterclaim is asserted, "the stakeholder is not dismissed upon payment of the stake into court but remains a litigant for purposes of adjudicating the independent tort counterclaim." Prudential Ins. Co. of America v. Hovis, 553 F.3d 258, 264 (3d Cir. 2009).

"While Mississippi law allows for an insured to bring a claim for bad faith filing of an interpleader action, courts have regularly held that a party in a properly filed interpleader action may not assert a counterclaim based on an entitlement to the funds at issue." See State Auto Property and Casualty Ins. Co. v. Burnett, No. 3:16-cv-73-DMB-JMV, 2017 WL 4355826, at *7 (N.D. Miss. Sept. 29, 2017)(citing generally, Metro. Life Ins. Co. v. Barretto, 178 F.Supp.2d 745, 747–48 (S.D. Tex. 2001)). "However, a bad faith claim may be asserted based on an unreasonable delay in filing an interpleader action. See id.(citing United Inv'rs Life Ins. Co. v. Grant, 387 Fed.Appx. 683, 688 (9th Cir. 2010)). A stakeholder's delay in filing an interpleader action may show bad faith, even where the interpleader action is rightly filed. See Steinberg's Dept. Store, Inc. v. Hartford Fire Ins. Co., 407 N.E.2d 124 (Ill. Ct. App. 1980).

Mississippi law requires an insurer to investigate claims, so the reasonable time to discharge that obligation does not

7

constitute bad faith. However, an inadequate investigation of a claim or inaction may constitute bad faith. See James v. State Farm Mut. Auto. Ins. Co., 743 F.3d 65 (5th Cir. 2014)(finding evidence that an insurer was inactive or did nothing meaningful to investigate the claim for several months, including the period after the suit was filed, could support a jury finding of bad faith). When a company decides to pursue its equitable remedy in interpleader, it should act with a "reasonable degree of promptness and with reasonable diligence." John Hancock Mut. Life Ins. Co. v. Doran, 138 F.Supp. 47, 49 (S.D. NY 1958). As the court in Doran wrote, "Certainly, within one month after receiving the claim and realizing its predicament, it should have decided on a cause of action." Id; see also, Travelers Indem. Co. v. Wetherbee, 368 So.2d 829, 834-35 (Miss. 1979)(allowing punitive damages where an insurance company withheld funds for approximately eight months without reason).

Here, Killingsworth is not alleging that Pruco breached a duty by failing to pay the stake to her. Instead, Killingsworth alleges that Pruco failed to timely interplead the funds, which delayed the parties from receiving the money. Alleging a delay in interpleading the funds is an independent tort. As such, reasonable minds could disagree as to whether the months long delay in interpleading the funds would constitute bad faith and warrant damages against Pruco. Because the standard for denying

an amended pleading based on futility is the same standard of legal sufficiency as a 12(b)(6) motion, this Court finds that Killingsworth has set forth facts in support of her claim which could entitle her to relief. Therefore, the Court will not deny her Motion to Amend based on futility.

**Undue Delay**

Delay alone is an insufficient basis for denial of leave to amend. The delay must be undue, meaning that it must prejudice the nonmoving party or impose unwarranted burdens on the court. See Mayeaux v. Louisiana Health Service and Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004). There is no such undue delay in this action. Killingsworth filed her motion to amend before the deadline to file amending pleadings set in the Case Management Order. It was her first motion to amend and it was filed twenty-one days after Killingsworth filed her original Answer to Plaintiff's Amended Complaint in Interpleader, Counterclaims, and Crossclaim. There is no prejudice as, at the time the Motion to Amend was filed, the case was in its early stages and no discovery had been completed, depositions taken, or trial scheduled.

**Repeated Failure to Cure Deficiency**

A district court may consider "repeated failure to cure deficiencies by previous amendments," when deciding whether to

grant leave to file an amended pleading. See Smith, 393 F.3d at 595(emphasis added). As this is the first Motion to Amend by Killingsworth, this factor is inapplicable. It is true that Killingsworth had the opportunity to amend her counterclaim when filing her Second Answer to Pruco's First Amended Complaint. However, Killingsworth's failure to amend her Answer in response to Pruco's Amended Complaint is not a "failure to cure deficiencies by previous amendments." This is Killingsworth's first amended pleading and it was not filed with undue delay. Therefore, these two factors do not support denying Killingsworth Leave to File her First Amended Answer, Counterclaims, and Crossclaim to Plaintiff's Amended Complaint.

## Conclusion

Killingsworth may file her First Amended Answer, Counterclaims, and Crossclaim to Plaintiff's Amended Complaint. The Amended Answer, Counterclaims, and Crossclaim asserts an independent tort – unnecessary delay in filing the interpleader action – for which Pruco can be charged. Pruco's status as a stakeholder does not shield it from independent torts. Killingsworth's Amendment is not futile, and it will not create undue delay or prejudice either party. Additionally, this is Killingsworth's first Amended pleading and, as such, there is no repeated failure to cure deficiencies in prior amendments. Because Plaintiff's amendments will supplant her Answer,

Counterclaims, and Crossclaims as the operative pleading, Pruco's Motion to Dismiss is rendered moot. The Motion to Dismiss will be denied without prejudice.

Accordingly.

IT IS HEREBY ORDERED AND ADJUDGED that Defendant Killingsworth's Motion for Leave to File First Amended Answer, Counterclaims, and Crossclaim to Plaintiff's Amended Complaint (Doc. 36) is hereby GRANTED. Defendant is instructed to file her First Amended Answer, Counterclaims, and Crossclaim to Plaintiff's Amended Complaint within ten (10) days of this Order's entry. The Motion to Dismiss filed by Pruco Insurance Company is MOOT and therefore DENIED without prejudice.

SO ORDERED this the 26th day of November, 2019.

> __/s/ David Bramlette_____
> UNITED STATES DISTRICT JUDGE